IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROZANNE CRAIG,

        Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

Case No. 6:17-cv-00994-AA
**OPINION AND ORDER**

AIKEN, Judge:

Plaintiff Rozanne Craig brings this action pursuant to the Social Security Act, 42 U.S.C.

§ 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security

("Commissioner"). The Commissioner denied plaintiff's applications for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below,

the Commissioner's decision is reversed and remanded for further proceedings.

## BACKGROUND

In October 2012, plaintiff applied for DIB and SSI. She alleged disability beginning

June 30, 2012, due to a herniated disc in her neck, carpal tunnel syndrome, spinal stenosis,

deterioration of her bones, and rheumatoid arthritis. Plaintiff's applications were denied initially and upon reconsideration. On December 16, 2015, plaintiff appeared at a hearing before an ALJ. On February 8, 2016, the ALJ issued a decision finding plaintiff not disabled. After the Appeals Council denied review, plaintiff filed a complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since the alleged disability onset date. Tr. 19; 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *id.* §§ 416.920(a)(4)(i), (b). At step two, the ALJ found plaintiff suffers from the severe impairment of degenerative disc disease. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *id.* §§ 416.920(a)(4)(ii), (c). The ALJ considered evidence in the record related to plaintiff's asthma, arthritis, carpal tunnel syndrome, depression, and anxiety, but found those impairments were not severe because none of them more than minimally limited plaintiff's ability to work.

At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 23; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); *id.* §§ 416.920(a)(4)(iii), (d). The ALJ found plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 C.F.R. [§§] 404.1567(b) and 416.967(b)[,]" with an additional limitation to no more than "occasional handling and fingering bilaterally." Tr. 23; *see also* 20 C.F.R. § 404.1520(e); *id.* § 416.920(e).

At step four, the ALJ concluded plaintiff could not perform her past relevant work as a caregiver or horticulturist because those jobs require more than light exertional work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f); *id.* §§ 416.920(a)(4)(iv). At step five, the ALJ found plaintiff could perform other jobs existing in significant numbers in the national economy, such as photo finishing inspector, hand packaging inspector, and addressing machine operator. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1); *id.* §§ 416.920(a)(4)(v), (g)(1). Accordingly, the ALJ found plaintiff not disabled and denied her applications for benefits.

## DISCUSSION

The scope of this appeal is narrow. Plaintiff raises a single allegation of error: she contends the Commissioner did not meet her burden, at step five, to identify jobs that did not exceed plaintiff's RFC. The ALJ found plaintiff had the RFC to perform light duty work requiring no more than *occasional* handling and fingering. According to the descriptions in the Dictionary of Occupational Titles ("DOT"), all three jobs identified by the ALJ at step five require *frequent* handling and fingering. The Commissioner concedes error because the requirements of the jobs identified at step five are obviously inconsistent with plaintiff's RFC and the ALJ did not expressly acknowledge that conflict or ask the VE to resolve it. *See Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (stating that, when there is an apparent inconsistency between the DOT and the VE's testimony, the ALJ "*must* ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled") (emphasis added). The parties' only dispute is whether that error was harmless.

"[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation marks omitted). As the party alleging error, it is plaintiff's burden to show that the error prejudiced her. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011). When the record is ambiguous such that there is a "substantial likelihood of prejudice," remand is appropriate. *Id.* "By contrast, when harmlessness is clear and not a borderline question, remand for reconsideration is not appropriate." *Id.* (internal quotation marks omitted).

The DOT is "a resource compiled by the Department of Labor that details the specific requirements for different occupations[.]" *Gutierrez*, 844 F.3d at 807. Agency guidance explains that "[o]ccupational evidence provided by a VE . . . generally should be consistent with

the occupational information supplied by the DOT." SSR 00-4P, 2000 WL 1898704, *2 (2000). When there is a conflict, "[n]either the DOT nor the VE . . . evidence automatically 'trumps[.]'" *Id.* Instead, the ALJ must "resolve the conflict by determining if" the VE has provided a reasonable explanation for deviating from the job description in the DOT. *Id.* The guidance further states that a VE's deviation from a DOT description may be justified if the VE has specialized knowledge about the way a particular job is actually performed. The Ninth Circuit recently emphasized that, when there is an apparent conflict relevant to the step five analysis, "an ALJ should ordinarily ask the VE to explain *in some detail* why there is no conflict between the DOT and the applicant's RFC." *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017) (emphasis added).

The relevant colloquy between the ALJ and the VE in this case proceeded as follows:

ALJ: All right, so there's no jobs at the light level with occasional handling and fingering?

VE: I don't have transferrable skills or anything here.

ALJ: Yeah. Yeah, looking at unskilled work.

VE: Yeah, at unskilled. Give you a couple of examples that do cut down on the use of the hands, so it's lesser. Let me—let me give you a couple of examples here. In the photofinishing business, they have a person who is inspecting the photofinishing. It's an unskilled position. It's more visual. The DOT is at 976.685-014. This work has an SVP level of 2. It is classified as unskilled. The state of Oregon is listing about 2,100 positions. The national economy is at 278,000. Also, Your Honor, there's work as an inspector of—let me find this one here. It would be an inspector of small—small products.

ALJ: An inspector hand packager?

VE: Of—in hand packaging. The DOT for an inspection of hand packaging, this is in what they call the plastics, so the packaging is done and then there's this person that inspects that packaging by content and how they're placed and so forth. It's simple and routine work. It's under the DOT of 559.687-074. The SVP level is 2. It's classified as unskilled, and it is a light duty job. In the state

of Oregon, 2,100 positions at the unskilled and light level. About—looks like about 230,000 in the national economy at that unskilled and light level.

ALJ: Okay.

VE: There's an addressing machine operator that doesn't have repetitive handling. The DOT is at 208.582-010. This work is unskilled. The SVP level is 2. It's classified as a light duty position. In Oregon, 2,800 positions. The national economy, looks like about 310,000 in the latest figures that I have on that occupation, Your Honor. These are representative. They certainly cut down on the use of the hands because they have this element of one of the key duties of the job would be more visual.

Tr. 60–61. Following two additional hypotheticals unrelated to fingering and handling limitations, the ALJ asked

ALJ: . . . [H]as your testimony been consistent with the DOT?

VE: Yes.

ALJ: Does the DOT address all of the limitations in these questions.

VE: Not all of the limitations in the hypotheticals. That is based on my field experience, understanding of the jobs, having done job analysis, employer visits and many years of field work, Your Honor.

Tr. 63.

It is possible to infer, from the portions of the hearing transcript above, that the VE was using her field experience to identify jobs that require only occasional handling and fingering notwithstanding the DOT's statement that those jobs require frequent handling and fingering. But because neither the ALJ nor the VE expressly noted the conflict between the DOT and plaintiff's RFC, that is not the only plausible reading of the record. It may be, instead, that the VE was simply identifying the light-work jobs that required *relatively less* handling and fingering than other light level jobs, and that the demands of those jobs nevertheless exceed plaintiff's RFC because they require more than occasional handling and fingering. The VE's general statement that she made some judgments based on her field experience rather than on the

DOT in cases where the DOT did not address a certain limitation in the ALJ's hypotheticals does not resolve the ambiguity because the DOT contains a specific limitation for handling/fingering for each of the jobs identified. I cannot determine on the current record whether the step five error was harmless. Accordingly, remand is necessary.

## CONCLUSION

The Commissioner's decision is REVERSED AND REMANDED for further proceedings and this appeal is dismissed.

IT IS SO ORDERED.

Dated this _16th_ day of May 2018.

Ann Aiken
United States District Judge